UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIGARETTE RACING TEAM, LLC, a          )
Florida Limited Liability Company;     )
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )    CASE NO.:
                                       )
MYSTIC POWERBOATS INC.,                )
a Florida Corporation,                 )
                                       )
          Defendant.                   )
_____)

### COMPLAINT

COMES NOW the Plaintiff, CIGARETTE RACING TEAM, LLC (hereinafter "Plaintiff"), a Florida Limited Liability Company and complains against MYSTIC POWERBOATS INC., (hereinafter "Defendant") a Florida Corporation, and alleges as follows:

### JURISDICTION AND VENUE

1.   This is an action for injunctive and other relief under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.,* for design patent infringement.

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a).

3.   Defendant is subject to personal jurisdiction in Florida and in this District by virtue of at least the following:

     a. This action arises from, *inter alia*, acts that occurred within this District, specifically the

1

Defendant's use and offer for sale of the infringing design at the 2015 Miami International Boat Show.

b. Systematic and continuous business activity in this District including via participation at the 2015 Miami International Boat Show at the Miami Beach Convention Center which is located in Miami Beach, Florida.

c. The Defendant has committed a tort within this District, namely the infringement alleged herein, including the Defendant's use and offer for sale of the infringing design at the 2015 Miami International Boat Show.

d. The Defendant conducts business within this District, including the Defendant's use and offer for sale of the infringing design at the 2015 Miami International Boat Show.

e. The Defendant has caused injury to the Plaintiff and its intellectual property, which are located within this District.

4.  Venue is properly established in this Court pursuant to 28 U.S.C. §1391(b), §1391(c), and §1400(b) because Defendant has sufficient contacts in the Southern District of Florida to be deemed to reside in this Judicial District, and Defendant has engaged in acts of patent infringement within this Judicial District.

2

## THE PARTIES

5.   Plaintiff is a limited liability company duly organized and existing under the laws of the State of Florida, doing business in the State of Florida, and having a principal address at 4355 NW 128th St., Opa Locka, Florida 33054.

6.   Defendant is a Florida corporation doing business in the State of Florida, and having an address at 1848 Patterson Ave., Deland, Florida 32724.

## THE PLAINTIFF'S PATENTED DESIGN

7.   Plaintiff is a well-established and highly-regarded manufacturer of high-performance boats with a racing pedigree that dates back to the 1960's.

8.   In its nearly six-decade existence, Plaintiff's boats have won numerous awards and accolades, and have been critically received by performance boating magazines, all to the resounding commercial success of Plaintiff's company.

9.   Plaintiff is also the owner of many patents covering its unique and innovative designs. One such patent is U.S. Patent No. D697,018 ("the '018 patent"). See Exhibit A.

10.  The '018 patent was duly and legally issued on January 7, 2014.

11.  Plaintiff is the sole assignee and, as such, is the owner of all right, title, and interest in the '018 patent, and the '018 patent is valid and fully enforceable.

3

12.  One of Plaintiff's models, specifically the 42' Huntress, has been exceptionally well received by the media and the public alike since its debut at the Miami International Boat Show in 2012, where it garnered much media attention and was no doubt viewed by principals and/or agents of Defendant.

13.  The hardtop roof of the 42' Huntress is a commercial embodiment of the design claimed in '018 patent.

14.  The 42' Huntress was the subject of a special edition, built in conjunction with Mercedes-Benz's AMG division, and unveiled with much fanfare at the February 2013 Miami International Boat Show, where, no doubt, principals and/or agents of Defendant again viewed the Plaintiff's patented hardtop roof.

## DEFENDANT'S UNLAWFUL ACTIVITIES

15.  On February 12, 2015, at the 2015 Miami International Boat Show, the Defendant publicly displayed its model M3900 that includes the infringing hardtop roof (hereinafter the infringing hardtop roof is referred to as "the accused design") a center-console, single-hull boat.

16.  The accused design is identical and/or substantially similar to the design claimed in the '018 patent, as evidenced by the following photographs of Defendant's accused design taken on February 12, 2015, and true and correct copies of figures from the '018 patent:

Side View



Front ¾ View



Figure 1 of U.S. Patent No. D697,018



FIG. 1

Figure 5 of U.S. Patent No. D697,018



FIG. 5

17. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable harm to the Plaintiff unless restrained by this Court.

**COUNT I**
**INFRINGEMENT OF THE '018 PATENT**

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17, as if fully set forth in this paragraph.

19. Defendant has infringed the claim of the '018 patent by making, using, and offering for sale in the United States, including this Judicial District, the accused design that is identical and/or substantially similar to the design claimed in the '018 patent, in violation of 35 U.S.C. § 271.

20. Plaintiff has never authorized or otherwise granted any right to Defendant to manufacture, use, offer for sale, sell, or

otherwise distribute in the United States, or import into the United States, any hardtop roof under the claim of the '018 patent.

21. Upon information and belief, Defendant will continue to infringe the claim of the '018 patent to the irreparable harm of Plaintiff, unless enjoined by the Court.

22. The acts of the Defendant have damaged and will continue to damage the Plaintiff.

23. Upon information and belief, the acts of the Defendant alleged herein were willful.

24. Plaintiff has no adequate remedy at law.

<u>**REMEDIES**</u>

**WHEREFORE**, Plaintiff prays:

a) That this Court find Defendant's aforesaid acts constitute infringement of the '018 patent.

b) That Defendant, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

1. From making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the accused design and any other hardtop roof that infringes the claim of the '018 patent;

2. From infringing the '018 patent; and,

3. From using any mold, reproduction, counterfeit, copy or colorable imitation of the accused design.

c) That Defendant be required to deliver up for destruction of all plugs, molds, and any remaining finished or partially finished hardtop roofs in the possession or control of Defendant, or any colorable imitations thereof.

d) That Defendant be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report, under oath, setting forth in detail the manner of compliance with paragraphs (b) and (c), inclusive of all subparts.

e) That this Court order an accounting for damages and profits resulting from Defendant's infringement of the claim of the '018 patent.

f) That Plaintiff recover damages adequate to compensate for Defendant's infringement of the claim of the '018 patent, calculated as not less than a reasonable royalty of any financial or any other calculable benefit conferred upon Defendant as a result of Defendant's infringement.

g) That the Plaintiff recover its lost profits resulting from the Defendant's infringement of the claim of the '018 patent.

h) That the Court declare this case exceptional within the meaning of 35 U.S.C. § 285, and that Plaintiff recover its

attorneys fees and costs under same.

     i)    That the Plaintiff recover treble damages based on the Defendant's willful infringement pursuant to 35 U.S.C. § 284.

     j)    That the Plaintiff recover the Defendant's profits from sales of the boats that featured the accused design, pursuant to 35 U.S.C. § 289.

     k)    That Plaintiff have and recover both prejudgment and post-judgment interest on each and every damage award.

     l)    That Plaintiff have such other and further relief as the Court may deem just and proper.


Dated: February 12, 2015        s/Oliver Alan Ruiz
                                   John Cyril Malloy, III
                                   Florida Bar No. 964,220
                                   jcmalloy@malloylaw.com
                                   Peter A. Matos
                                   Florida Bar No. 992,879
                                   pmatos@malloylaw.com
                                   Oliver Alan Ruiz
                                   Florida Bar No. 524,786
                                   oruiz@malloylaw.com
                                   W. John Eagan
                                   Florida Bar No. 105,101
                                   jeagan@malloylaw.com
                                   **MALLOY & MALLOY, P.L.**
                                   2800 S.W. Third Avenue
                                   Miami, Florida  33129
                                   Telephone (305) 858-8000
                                   Facsimile (305) 858-0008

                                   *Attorneys for Plaintiff*