UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 15-20575-CIV-MORENO

CIGARETTE RACING TEAM, LLC, a      )
Florida Limited Liability Company; )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )
                                   )
MYSTIC POWERBOATS INC.,            )
a Florida Corporation,             )
SHOGREN PERFORMANCE MARINE, LLC,   )
d/b/a PIER 57, an Illinois Limited )
Liability Company,                 )
                                   )
            Defendants.            )
_____)

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, CIGARETTE RACING TEAM, LLC (hereinafter "Cigarette"), a Florida Limited Liability Company and files its First Amended Complaint against MYSTIC POWERBOATS INC., (hereinafter "Mystic") a Florida Corporation, and SHOGREN PERFORMANCE MARINE, LLC d/b/a PIER 57 (hereinafter "Pier 57"), an Illinois Limited Liability Company, and alleges as follows:

## JURISDICTION AND VENUE

1.   This is an action for injunctive and other relief under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.,* for design patent infringement.  This is also an action for injunctive relief under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* particularly, 15 U.S.C. § 1125(a), for trade dress infringement

1

and false designation of origin. Cigarette also asserts claims seeking injunctive relief under Florida common law for trade dress infringement and unfair competition.

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a). This Court also has jurisdiction pursuant to 15 U.S.C. § 1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. § 1367.

3.   Defendants are subject to personal jurisdiction in Florida and in this District by virtue of at least the following:

   a. This action arises from, *inter alia*, acts that occurred within this District, specifically the Defendants' use and offer for sale of the accused design at the 2015 Miami International Boat Show.

   b. Systematic and continuous business activity in this District including via participation at the 2015 Miami International Boat Show at the Miami Beach Convention Center which is located in Miami Beach, Florida; and, with respect to the Defendant Pier 57 specifically, additionally as a former Cigarette dealer.

   c. The Defendants have committed a tort within this District, namely the infringement alleged herein, including the Defendants' use and offer for sale of the accused design at the 2015 Miami International Boat Show.

    d. The Defendants conduct business within this District, including the Defendants' use and offer for sale of the accused design at the 2015 Miami International Boat Show.

    e. The Defendants have caused injury to Cigarette and its intellectual property, which are located within this District.

4.    Venue is properly established in this Court pursuant to 28 U.S.C. §1391(b), §1391(c), and §1400(b) because Defendants have sufficient contacts in the Southern District of Florida to be deemed to reside in this Judicial District, and Defendants have engaged in acts of patent and trade dress infringement within this Judicial District.

## THE PARTIES

5.    Cigarette is a limited liability company duly organized and existing under the laws of the State of Florida, doing business in the State of Florida, and having a principal address at 4355 NW 128th Street, Opa Locka, Florida 33054.

6.    Defendant Mystic is a Florida corporation doing business in the State of Florida, and having an address at 1848 Patterson Ave., Deland, Florida 32724.

7.    Defendant Pier 57 is an Illinois limited liability company having an address at 1953 Delany Road, Gurnee, Illinois 60031.

<u>**CIGARETTE'S DISTINCTIVE BOAT DESIGNS**</u>

8.   Cigarette is a well-established and highly-regarded manufacturer of high-performance boats with a racing pedigree that dates back to the 1960's.

9.   In its nearly six-decade existence, Cigarette's boats have won numerous awards and accolades, and have been critically received by performance boating magazines, all to the resounding commercial success of Cigarette.

10.   By virtue of recognition among offshore powerboat enthusiasts, members of the industry, the press, and among the general consuming population, Cigarette and its trademark "CIGARETTE®" are famous, so much so that the brand has become iconic of performance powerboats.

11.   Cigarette is also the owner of U.S. Patent No. D697,018 ("the '018 patent"). <u>See</u> Exhibit A.

12.   The '018 patent was duly and legally issued on January 7, 2014.

13.   Cigarette is the sole assignee and, as such, is the owner of all right, title, and interest in the '018 patent, and the '018 patent is valid and fully enforceable.

14.   The hardtop roof of the 42' Huntress, one of Cigarette's models, is a commercial embodiment of the design claimed in '018 patent.

15.   The 42' Huntress has been exceptionally well received by the media and the public alike since its debut at the Miami International Boat Show in 2012, where it garnered much media attention and was no doubt viewed by principals and/or agents of the Defendants. Furthermore, the Defendant Pier 57 was a former Cigarette dealer.

16.   Many aspects of the 42' Huntress are unique to Cigarette. In fact, the 42' Huntress is a pioneering design, not only in the boating industry, but also for Cigarette, since the 42' Huntress includes what has become Cigarette's signature look: a solid-body, generally flat roof deck supported by two contoured, wide-body struts extending down from the sides of the central region of the roof deck and sweeping aftward to the gunwales on either side of the helm seating area, creating a generally unitary appearance with a mid-size, mono-hull, substantially open-deck performance boat (hereinafter "Cigarette's Trade Dress").

17.   Since the debut of the 42' Huntress, Cigarette's Trade Dress has been applied to several of its other models including: the 39' GTS, 41' Stern Drive 1040, and the 41' GTR.

18.   In addition, the 42' Huntress was the subject of a special edition, built in conjunction with Mercedes-Benz's AMG division, and unveiled with much fanfare at the February 2013 Miami International Boat Show, where, no doubt, principals and/or agents of Defendants again viewed Cigarette's patented hardtop roof.

5

19.  The 42' Huntress has been featured by such high profile publications as Power & Motoryacht, Robb Report, and Car & Driver.

20.  Cigarette's Trade Dress and patented designs have come to enjoy much recognition and visibility among not only the general public, but also among boating enthusiasts and the boating industry.

21.  For example, videos posted to the official Youtube account of Cigarette, especially those featuring Cigarette's Trade Dress, regularly garner thousands of views.

22.  Cigarette's Trade Dress is inherently distinctive and/or has acquired secondary meaning.

23.  Customary designs within the performance boating industry for attaching a hard-top usually include tubular members mounted to directly to the center console portion of the deck, or otherwise inside the gunwales, thereby providing unobstructed gunwales.

24.  Customary designs within the performance boating industry for attaching a radar arch usually include an arcuate member attached to the gunwales on either side of the helm seating area. Additionally, some radar arches may include extensions to the fore and aft of the arch.

25.  Thus, Cigarette's Trade Dress is unique within the performance boating industry because of its departure from the customary designs.

## <u>DEFENDANTS' UNLAWFUL ACTIVITIES</u>

26. Defendant Mystic has heretofore been substantially a manufacturer of catamaran, or twin-hull, type racing boats.

27. Defendant Pier 57 is a retailer of performance boats and has maintained a close business relationship with Defendant Mystic, and upon information and belief, is the exclusive worldwide distributor of Defendant Mystic's boats.

28. Defendant Pier 57 was previously a retailer of Cigarette's boats, having sold at least the 42' Huntress and 39' GTS models which include Cigarette's Trade Dress and the design claimed in the '018 patent.

29. As such, the acts of Defendant Pier 57 are believed to be willful, given its knowledge of the design claimed in the '018 patent and Cigarette's Trade Dress.

30. Additionally, the acts of Defendant Mystic are believed to be willful both pre-suit, given its knowledge of the design claimed in the '018 patent and Cigarette's Trade Dress, as well as post-suit, given its continued course of action after filing of Cigarette's Complaint [DE #1].

31. On or about September 2014, Cigarette terminated Defendant Pier 57's status as a retailer of Cigarette's boats when it learned of Defendant Pier 57's collaborative efforts with Defendant Mystic to incorporate key features of Cigarette's boats into a performance center console boat to be sold by them.

7

32.  On February 12, 2015, at the 2015 Miami International Boat Show, Defendant Mystic publicly displayed its model M3900 that includes the infringing hardtop roof (hereinafter the infringing hardtop roof is referred to as "the accused design") on a mid-size, mono-hull, substantially open-deck performance boat.

33.  Defendant Pier 57 attended the 2015 Miami International Boat Show, upon information and belief, as the exclusive worldwide distributor of Defendant Mystic.

34.  Upon information and belief, the design of the M3900, including the accused design of the hardtop roof, is the result of a collaboration of efforts between Defendant Pier 57 and Defendant Mystic, and the sales of the M3900 continue to be a result of such joint efforts, all relying on Defendant Pier 57's knowledge as a dealer of Cigarette's boats and experience with consumer recognition of key features, including their unique and recognizable appearance.

35.  Furthermore, Defendant Pier 57 has offered for sale and/or sold several of the model M3900 which bear the accused design as it appeared at the 2015 Miami International Boat Show.

36.  The accused design is identical and/or substantially similar to the design of the '018 patent, as evidenced by the following photographs of Defendant's accused design taken on February 12, 2015, and true and correct copies of figures from the '018 patent:

Front ¾ View



Side View



Figure 1 of U.S. Patent No. D697,018



FIG. 1

Figure 5 of U.S. Patent No. D697,018



FIG. 5

37. Additionally, Defendants' M3900 incorporates and infringes Cigarette's Trade Dress.

38. Upon information and belief, Defendants incorporated Cigarette's Trade Dress into the M3900 in order to engage in a deliberate and willful scheme to trade upon and to misappropriate the vast goodwill represented and symbolized by Cigarette's Trade Dress, all in willful and reckless disregard of Cigarette's rights.

39. As can be seen by the comparison below, the M3900 incorporates non-functional elements of Cigarette's Trade Dress that, when viewed as a whole, contribute to an overall look that is confusingly similar to Cigarette's Trade Dress:



Mystic M3900 Rendering



Cigarette's 42' Huntress



Cigarette's 39' GTS

40.   Defendants' deliberate and intentional copying of Cigarette's Trade Dress, as is apparent from the substantial similarity of the designs coupled with Cigarette's fame, further establishes the distinctiveness or secondary meaning of Cigarette's Trade Dress.

41.   Defendants' aforesaid use of the above elements in connection with the sale and offering for sale of identical goods or services is designed, calculated, and likely to divert consumers from Cigarette, to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's goods or services, and to cause them to believe that Defendant's goods or services are those of Cigarette, or are sponsored licensed, authorized, or approved by Cigarette, all to the detriment of Cigarette, the trade, and the public.

42.   Defendants' aforesaid use of Cigarette's Trade Dress will further cause and is likely to cause post-sale confusion to members of the public that view the accused design, for example, on the water, on a trailer, on storage racks, or if disabled.

43.   Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable harm to Cigarette unless restrained by this Court.

44.   Cigarette has no adequate remedy at law.

## COUNT I
## <u>INFRINGEMENT OF THE '018 PATENT</u>

45.   Cigarette incorporates by reference the allegations of paragraphs 1 through 44, as if fully set forth in this paragraph.

46.   Defendant Mystic has infringed the claim of the '018 patent by making, using, selling, and offering for sale in the United States, the accused design that is identical and/or substantially similar to the design claimed in the '018 patent, in violation of 35 U.S.C. § 271.

47.   Defendant Pier 57 has infringed the claim of the '018 patent by using, selling, and offering for sale in the United States, the accused design that is identical and/or substantially similar to the design claimed in the '018 patent, in violation of 35 U.S.C. § 271.

48.   Cigarette has never authorized or otherwise granted any right to Defendants to manufacture, use, offer for sale, sell, or otherwise distribute in the United States, or import into the United States, any hardtop roof under the claim of the '018 patent.

49.   Upon information and belief, Defendants will continue to infringe the claim of the '018 patent to the irreparable harm of Cigarette, unless enjoined by the Court.

50.   The Defendants' acts of patent infringement have damaged and will continue to damage Cigarette.

51.   Upon information and belief, the acts of the Defendants

alleged herein were willful.

52.  Cigarette has no adequate remedy at law.

**COUNT II**

**FEDERAL TRADE DRESS INFRINGEMENT**

53.  Cigarette incorporates herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

54.  The distinctive elements, shapes, proportions, orientation, look and feel, and overall impression of Cigarette's Trade Dress, as described herein, and as shown in the pictures above, constitute Cigarette's commercial trade dress.

55.  Cigarette's Trade Dress is unique, recognizable, and not merely functional.

56.  With full knowledge and awareness of Cigarette's ownership and prior use of Cigarette's Trade Dress, Defendants have willfully used, are using, and will continue to use Cigarette's Trade Dress in a manner that is likely to cause confusion or to cause mistake, or to deceive.

57.  Defendants' acts in utilizing Cigarette's Trade Dress constitute trade dress infringement pursuant to §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

58.  By reason of Cigarette's irreparable injury resulting from Defendant's aforesaid acts, Cigarette is entitled to a permanent injunction.

## Count III
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

59.  Cigarette incorporates herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

60.  Defendants' aforesaid acts constitute unfair competition and false designation and/or false description of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.  Defendants' aforesaid acts have caused and will cause great and irreparable injury to Cigarette, and unless said acts are restrained by this Court, they will be continued and Cigarette will continue to suffer great and irreparable injury.

62.  By reason of Cigarette's irreparable injury resulting from Defendants' aforesaid acts, Cigarette is entitled to a permanent injunction.

## COUNT IV
## COMMON LAW TRADE DRESS INFRINGEMENT

63.  Cigarette incorporates herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

64.  Cigarette enjoys common law trade dress rights in and to Cigarette's Trade Dress and has built significant goodwill in same, which rights are superior to any rights that Defendants may claim.

65.  Defendants' use of Cigarette's Trade Dress is likely to cause  confusion as to the source of its goods or services in that consumers thereof will be likely to associate or have associated such goods or services as originating with Cigarette, all to the

detriment of Cigarette.

66. Defendants' use of Cigarette's Trade Dress violates Cigarette's common law trade dress rights and has caused and is likely to cause irreparable harm to Cigarette by tarnishing the valuable goodwill associated with Cigarette's Trade Dress and the related goods or services.

67. Defendants' acts, as complained of herein, have caused irreparable injury to Cigarette, and, unless restrained, will continue to do so.

68. By reason of Cigarette's irreparable injury resulting from Defendants' aforesaid acts, Cigarette is entitled to a permanent injunction.

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**

69. Cigarette incorporates herein each and every allegation set forth in Paragraphs 1 through 44, as if fully set forth herein.

70. Defendants' aforesaid acts constitute infringement, misappropriation, and misuse of Cigarette's Trade Dress, unfair competition, palming-off, and passing-off against Cigarette and to the unjust enrichment of Defendants, all in violation of Cigarette's rights at common law and under the laws of the State of Florida.

71. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Cigarette, and unless

said acts are restrained by this Court, they will be continued and Cigarette will continue to suffer great and irreparable injury.

72.  By reason of Cigarette's irreparable injury resulting from Defendants' aforesaid acts, Cigarette is entitled to a permanent injunction.

**REMEDIES**

**WHEREFORE**, Cigarette requests the following relief:

a)  That this Court find Defendants' aforesaid acts constitute infringement of the '018 patent;

b)  That this Court will adjudge that Cigarette's Trade Dress has been infringed, as a direct and proximate result of the willful acts of Defendants as set forth in this Complaint, in violation of Cigarette's rights under the Lanham Act, 15 U.S.C. § 1125(a), and the common law of the State of Florida;

c)  That this Court will adjudge that the Defendants have competed unfairly with Cigarette in violation of Cigarette's rights at common law and in violation of Cigarette's rights under the Lanham Act, 15 U.S.C. § 1125(a);

d)  That Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

1. From making, using, offering to sell, and/or selling in the United States, and/or importing into the United

States, the accused design and any other hardtop roof that infringes the claim of the '018 patent;

2. From infringing the '018 patent;

3. From selling a boat incorporating or including Cigarette's Trade Dress;

4. From infringing Cigarette's Trade Dress;

5. From otherwise unfairly competing with Cigarette;

6. From engaging in any act which is likely to cause confusion, mistake, or to deceive the trade, retailers, and/or members of the public as to the origin of the accused boats; or that the Defendants are affiliated with, connected with, associated with, approved, sponsored, or endorsed by Cigarette; and,

7. From using any mold, reproduction, counterfeit, copy or colorable imitation of the accused design.

e)    That Defendants be required to deliver up for destruction of all plugs, molds, and any remaining finished or partially finished hardtop roofs in the possession or control of Defendants, or any colorable imitations thereof;

f)    That Defendants be directed to file with this Court and to serve upon Cigarette within thirty (30) days after service of the injunction issued in this action, a written report, under oath, setting forth in detail the manner of compliance with paragraphs (c), (d), and (e) inclusive of all subparts;

18

g)   That this Court order an accounting for damages and profits resulting from Defendants' patent infringement;

h)   That Cigarette recover damages adequate to compensate for Defendants' patent infringement, calculated as not less than a reasonable royalty of any financial or any other calculable benefit conferred upon Defendants as a result of Defendant's infringement of the claim of the '018 patent;

i)   That Cigarette recover its lost profits resulting from the Defendants' infringement of the claim of the '018 patent;

j)   That the Court declare this case exceptional within the meaning of 35 U.S.C. § 285, and that Cigarette recover its attorney's fees and costs under same;

k)   That Cigarette recover treble damages based on the Defendants' willful patent infringement pursuant to 35 U.S.C. § 284;

l)   That, pursuant to 35 U.S.C. § 289, Cigarette recover the Defendants' profits from sales of the boats that featured the accused design; and

m)   That Cigarette recover both prejudgment and post-judgment interest on each and every award for patent infringement damages available under the Patent laws.

## DEMAND FOR JURY TRIAL

Cigarette hereby demands a trial by jury of any and all issues triable of right by a jury.

Dated: April 10, 2015

s/Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Peter A. Matos
Florida Bar No. 992,879
pmatos@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
W. John Eagan
Florida Bar No. 105,101
jeagan@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on this Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/Oliver Alan Ruiz
Oliver Alan Ruiz

## SERVICE LIST

Jeffrey D. Feldman
Florida Bar No. 330302
jfeldman@feldmangale.com
Richard Guerra
Florida Bar No. 689521
rguerra@feldmangale.com
A. Robert Weaver
Florida Bar No. 92132
rweaver@feldmangale.com
**Feldman Gale, P.A.**
One Biscayne Tower
Suite 3000
Two South Biscayne Boulevard
Miami, FL 33131
Tel: (305) 358-5001
Fax: (305) 358-3309

*Attorneys for Defendant Mystic*